# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS
## DOCKET NO:

KENNETH GOLDBERG, BERNARD LEVY )
and CAPEWAY WELDING, INC., )
    Plaintiffs, )
 )
v. )
 )
R. BRUCE REEVES and )
ELEMENT 21 GOLF COMPANY )
    Defendants. )

## COMPLAINT AND JURY DEMAND

1. The plaintiff Kenneth Goldberg (hereinafter "Goldberg") is a natural person residing in Kingston, Massachusetts.

2. The plaintiff Bernard Levy (hereinafter "Levy") is a natural person residing in Northboro, Massachusetts.

3. The plaintiff Capeway Welding, Inc. (hereinafter "Capeway") is a duly organized Massachusetts corporation with a usual place of business in Plymouth, Massachusetts.

4. The defendant R. Bruce Reeves (hereinafter "Reeves") is a natural person residing in Manchester, New Hampshire.

5. The defendant Element 21 Golf Company (hereinafter "Element 21") is a duly organized Delaware corporation with a place of business in Manchester, New Hampshire.

6. Element 21 is the successor in interest to Fluid Life Systems, Inc., FLS Acquisition Corp., Biorelease Technologies, Inc., BRL Holdings, Inc., and AssureTech Holdings, Inc.

7. Each of the plaintiffs, in his or its individual capacity, is the owner of shares of stock in Element 21.

8. Element 21, its agents, employees, and predecessors in interest, have engaged in a series of transactions resulting in the transfer or acquisition of various businesses, in exchange for which each of the plaintiffs was entitled to receive shares of stock.

9. Element 21, its agents, employees, and predecessors in interest, have on numerous occasions failed, refused, neglected, and/or delayed in the issuance of said shares of stock to each of the plaintiffs.

10. As a result of the actions of Element 21, its agents, employees, and predecessors in interest, each of the plaintiffs has been unable to sell or transfer his or its respective shares of stock, and consequently has suffered financial harm.

11. At all times relevant to this complaint, Reeves was an officer, director and agent of each of the corporations named herein, including the defendant corporation.

## COUNT ONE
### Fraud - Element 21

12. The plaintiffs re-allege and incorporate herein paragraphs 1-11 of the complaint.

13. Reeves, in his capacity as officer and agent of Element 21 and its predecessors in interest, made numerous fraudulent representations to the plaintiffs regarding the nature and value of their investments, which Reeves knew were false and which were made with the intention that the plaintiffs rely thereon.

14. The plaintiffs relied on the fraudulent misrepresentations of Reeves to their respective detriment.

15. As a result of the fraudulent misrepresentations of Reeves on behalf of Element 21, its agents, employees, or predecessors in interest, the plaintiffs suffered financial harm in excess of $100,000.00.

## COUNT TWO
### Fraud - Reeves Individually

16. The plaintiffs re-allege and incorporate herein paragraphs 1-15 of the complaint.

17. Reeves is individually liable for fraudulent representations that he made on behalf of Element 21 or its predecessors in interest.

18. As a result of the fraudulent misrepresentations of Reeves, the plaintiffs suffered financial harm in excess of $100,000.00.

## COUNT THREE
### Breach of Contract - Goldberg against Element 21

19. Goldberg re-alleges and incorporates herein paragraphs 1-18 of the complaint.

20. Goldberg made a $10,900.00 loan to Biorelease Technologies, Inc., in exchange for which Biorelease Technologies, Inc. executed a promissory note in that

   amount plus interest at a rate of 9% until paid in full.  The note was to be paid on or before December 31, 1995.

21. No payment has been made on said promissory note.

22. Element 21, as successor in interest to Biorelease Technologies, Inc., has acknowledged the continued existence of the outstanding debt.

23. Element 21 owes Goldberg the sum of $10,900.00 plus interest at the rate of 9% from December 31, 1994 to date.

## COUNT FOUR
## Fraud - Goldberg Against Element 21

24. Goldberg re-alleges and incorporates herein paragraphs 1-11 and 19-23 of the complaint.

25. Biolrelease Technologies, Inc., its agents or employees, falsely represented to Goldberg that its promissory note to him would be paid in the form of additional shares of stock in said corporation.

26. These representations were false when made, and were made with the intention that Goldberg rely thereon.

27. Goldberg relied on the fraudulent misrepresentations of Biorelease Technologies, Inc., its agents or employees, to his detriment.

28. As a result of the fraudulent misrepresentations of Biorelease Technologies, Inc., its agents or employees, Goldberg suffered financial harm in the amount of $10,900.00 plus interest at the rate of 9% from December 31, 1994 to date.

29. Element 21 is responsible for the breach of its predecessor in interest Biorelease Technologies, Inc.

## COUNT FIVE
## Fraud - Goldberg against Reeves Individually

30. Goldberg re-alleges and incorporates herein paragraphs 1-11 and 19-29 of the complaint.

31. Reeves is individually liable for fraudulent representations that he made on behalf of Element 21 or its predecessors in interest.

32. As a result of the fraudulent misrepresentations of Reeves on behalf of Biorelease Technologies, Inc., Goldberg suffered financial harm in the amount of $10,900.00 plus interest at the rate of 9% from December 31, 1994 to date.

## COUNT SIX
## Breach of Contract - Capeway against Element 21

33. Capeway re-alleges and incorporates herein paragraphs 1-11 of the complaint.

34. Capeway made a $30,000.00 loan to FLS Acquisition Corp. in exchange for which FLS Acquisition Corp. executed a promissory note in that amount plus interest at a rate of 9% until paid in full. The note was to be paid on or before December 31, 1994.

35. No payment has been made on said promissory note.

36. Element 21, as successor in interest to FLS Acquisition Corp., has acknowledged the continued existence of the outstanding debt.

37. Element 21 owes Capeway the sum of $30,000.00 plus interest at the rate of 9% from June 17, 1991 to date.

## COUNT SEVEN
## Fraud - Capeway against Element 21

38. Capeway re-alleges and incorporates herein paragraphs 1-11 and 33-37 of the complaint.

39. FLS Acquisition Corp., its agents or employees, falsely represented to Capeway that its promissory note would be paid in the form of additional shares of stock in said corporation.

40. These representations were false when made, and were made with the intention that Capeway rely thereon.

41. Capeway relied on the fraudulent misrepresentations of FLS Acquisition Corp., its agents or employees, to its detriment.

42. As a result of the fraudulent misrepresentations of FLS Acquisition Corp., its agents or employees, Capeway suffered financial harm in the amount of $30,000.00 plus interest at the rate of 9% from June 17, 1991 to date.

43. Element 21 is responsible for the breach of its predecessor in interest FLS Acquisition Corp.

## COUNT EIGHT
## Fraud -Capeway against Reeves Individually

44. Capeway re-allege and incorporate herein paragraphs 1-11 and 33-43 of the complaint.

45. Reeves is individually liable for fraudulent representations that he made on behalf of Element 21 or its predecessors in interest.

46. As a result of the fraudulent misrepresentations of Reeves on behalf of FLS Acquisition Corp., Capeway suffered financial harm in the amount of $30,000.00 plus interest at the rate of 9% from June 17, 1991 to date.

## COUNT NINE
### Conversion - Element 21

47. The plaintiffs re-allege and incorporate herein paragraphs 1-11 of the complaint.

48. Element 21, its agents, employees, or predecessors in interest, intentionally delayed in the issuance of stock certificates to the plaintiffs in order to prevent them from selling their shares at a profit.

49. As a result of the actions of Element 21, its agents, employees, or predecessors in interest, the plaintiffs suffered financial harm in excess of $100,000.00.

## COUNT TEN
### Conversion - Reeves Individually

50. The plaintiffs re-allege and incorporate herein paragraphs 1-11 and 47-49 of the complaint.

51. Reeves is individually liable for fraudulent representations that he made on behalf of Element 21 or its predecessors in interest.

52. As a result of the fraudulent misrepresentations of Reeves on behalf of Element 21 or its predecessors in interest, the plaintiffs suffered financial harm in excess of $100,000.00.

## COUNT ELEVEN
### Pierce the Corporate Veil -Reeves Individually

53. The plaintiffs re-allege and incorporate herein paragraphs 1-52 of the complaint.

54. At all times relevant hereto, Reeves has operated Element 21 and its predecessors as shells or sham corporations, and has used corporate funds for his personal ends.

55. Each of the plaintiffs is entitled to pierce the corporate veil of Element 21 to recover his damages from Reeves in his individual capacity.

## COUNT TWELVE
### Breach of Duty of Good Faith and Fair Dealing- Reeves Individually

56. The plaintiffs re-allege and incorporate herein paragraphs 1-55 of the complaint.

57. At all times relevant hereto, Reeves has breached his duty of good faith and loyalty as an officer and director of Element 21 and its predecessors in interest to the detriment of the plaintiffs.

58. As a result of Reeves's breach of his duty of good faith and loyalty, the plaintiffs have suffered financial harm.

## COUNT THIRTEEN
### Accounting - Element 21

59. The plaintiffs re-allege and incorporate herein paragraphs 1-58 of the complaint.

60. The plaintiffs are entitled to an accounting by Element 21 of its transactions and their proportionate share of any profits generated thereby.

WHEREFORE, the plaintiffs pray that this Honorable Court:

a. Enter judgment in favor of each of the plaintiffs on each count and award damages in an amount to be determined at trial;

b. Appoint a receiver to take over the operation and management of Element 21 during the course of any proceedings on this complaint;

c. Enter a preliminary injunction that Element 21, its agents, servants, successors, assigns, employees, attorneys, all persons acting or purporting to act on its behalf, and all persons having actual notice of any order issued hereunder, be enjoined from directly or indirectly disbursing, transferring, assigning, dissipating or otherwise hypothecating any of the assets of Element 21 Golf Company;

d. Enter a permanent injunction that Element 21, its agents, servants, successors, assigns, employees, attorneys, all persons acting or purporting to act on its behalf, and all persons having actual notice of any order issued hereunder, be enjoined from directly or indirectly disbursing, transferring, assigning, dissipating or otherwise hypothecating any of the assets of Element 21 Golf Company; and

e. Grant the plaintiffs any other relief this Court deems just under the circumstances.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL TRIABLE ISSUES.**

Plaintiffs,
By their attorney,


/s/ India L. Minchoff, Esq.
India L. Minchoff, Esq. (652456)
Law Offices of Russo & Minchoff
123 Boston Street, 1st Floor
Boston, MA 02125
617/740-7340 telephone
617/740-7310 facsimile