UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH GOLDBERG, BERNARD )<br>LEVY and CAPEWAY WELDING, INC. )<br>          Plaintiffs, )<br>                          )<br>   v.                    )<br>                          )<br>R. BRUCE REEVES and )<br>ELEMENT 21 GOLF COMPANY )<br>                          )<br>         Defendants. ) | Docket No. 09CV10054-RWZ |

**MOTION TO DISMISS PLAINTIFFS' COMPLAINT
FOR FAILURE TO STATE A CAUSE OF ACTION UNDER FED. R. CIV. P. 12(b)(6)
AND FOR LACK OF JURISDICTION UNDER FED. R. CIV. P. 12(b)(1) & (2)**

NOW COME the Defendants R. Bruce Reeves and Element 21 Golf Company, by their attorneys Wiggin & Nourie, P.A., and respectfully state as follows:

1. The Plaintiffs have filed a thirteen-count complaint against the Defendants. Six of those counts sound in fraud, two allege breach of contract, two complain of conversion, one alleges that Defendant Reeves breached a duty of good faith and fair dealing, one asks this Court to pierce the corporate veil, and one requests an accounting.

2. The Plaintiffs have, however, failed to plead sufficient facts in support of their requests for relief. Consequently, their complaint should be dismissed in its entirety. See, e.g., Ashcroft v. Iqbal, ___ U.S. ___ , 129 S.Ct. 1937, 1949-50 (2009).

3. The Plaintiffs' complaint also fails to comport with Federal Rule 9(b), which requires that a party leveling allegations of fraud "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

4. It is also clear from the face of the Plaintiffs' complaint that the claims made in this lawsuit are barred by the applicable statutes of limitation. See M.G.L. c. 260, §§ 2, 2A.

5. Counts Eleven and Thirteen of the complaint do not state a cognizable cause of action and otherwise fail to state a claim for which relief can be granted.

6. Plaintiffs have also failed to plead sufficient facts to demonstrate that this Court is vested with subject matter jurisdiction over this dispute or personal jurisdiction over the Defendants. The complaint should therefore be dismissed pursuant to Rules 12(b)(1) and (2).

7. A memorandum of law is filed in support of this Motion and is hereby incorporated by reference.

8. As required by Local Rule 7.1, counsel for the Defendants have attempted to confer with the Plaintiff's counsel in an effort to resolve or narrow these issues.

WHEREFORE, the Defendants respectfully request that this Honorable Court:

A. Grant their Motion to Dismiss;

B. Dismiss the Plaintiffs' complaint in its entirety and with prejudice; and

C. Grant any other relief it deems just and proper.

        Respectfully submitted,

        **R. BRUCE REEVES and**
        **ELEMENT 21 GOLF COMPANY**

        by their attorneys,

        **WIGGIN & NOURIE, P.A.**

Date:  September 29, 2009        /s/ Richard B. McNamara
        By: Richard B McNamara, Esquire
        BBO #339420
        WIGGIN & NOURIE, PA
        670 North Commercial Street, Suite 305
        P.O. Box 808
        Manchester, NH 03105-0808
        Telephone:  (603) 669-2211
        Facsimile:   (603) 623-8442
        rmcnamara@wiggin-nourie.com

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Motion to Dismiss has been forwarded to all counsel of record on this date, pursuant to the Court's rules and procedures concerning electronic filing.

        /s/ Richard B. McNamara