UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH GOLDBERG, BERNARD LEVY and CAPEWAY WELDING, INC.<br>Plaintiffs,<br><br>v.<br><br>R. BRUCE REEVES and<br>ELEMENT 21 GOLF COMPANY<br><br>Defendants. | Docket No. 09CV10054-RWZ |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CAUSE OF ACTION UNDER FED. R. CIV. P. 12(b)(6) AND FOR LACK OF JURISDICTION UNDER FED. R. CIV. P. 12(b)(1) & (2)**

NOW COME the Defendants R. Bruce Reeves and Element 21 Golf Company, by their attorneys Wiggin & Nourie, P.A., and submit the following memorandum of law in support of their motion to dismiss the Plaintiffs' complaint under Federal Rules of Civil Procedure 12(b)(6), 12(b)(1) and 12(b)(2):

**PRELIMINARY STATEMENT**

The multi-count complaint filed by the Plaintiffs stems from a series of financial transactions allegedly occurring in the early 1990s. More than fifteen years after these transactions are alleged to have taken place, the Plaintiffs have just now elected to turn to this Court for some form of redress. The complaint filed by the Plaintiffs fails, however, to allege sufficient facts to "state a claim to relief that is plausible on its face" as is required under Federal Rule of Civil Procedure 8. Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949-50 (2009). The complaint contains only unsupportable conclusions and

assertions and its thirteen counts amount to only a "formulaic recitation of the elements" of the various causes of action pled that simply "will not do." Id. at 1949.

Moreover, six of the Plaintiffs' causes of action allege that the Defendants engaged in fraud, but the complaint fails to comport with Federal Rule of Civil Procedure 9(b), which requires that a party leveling allegations of fraud "state with particularity the circumstances constituting fraud." The nonspecific and conclusory allegations comprising the Plaintiffs' complaint fail to meet even the relatively relaxed standards of Rule 8(a)(2) and fall well short of the heightened pleading requirements of Rule 9(b).

Even if the Plaintiffs had provided sufficient detail in their complaint, it is clear from the face of their pleadings that the applicable statutes of limitation would serve as a bar to their causes of action. Several of the counts within the complaint, namely counts eleven ("pierce the corporate veil") and thirteen ("accounting") also fail to present a cognizable cause of action and therefore fail to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

The serious and pervasive deficiencies in the Plaintiffs' complaint and the Plaintiffs' failure to abide by the pleading requirements of Federal Rules of Civil Procedure 8 and 9 dictate that the complaint be dismissed in its entirety. The Plaintiffs have failed to provide sufficient factual information to survive a motion to dismiss, see Iqbal, 129 S.Ct. at 1949; Fed. R. Civ. P. 8, have failed to comport with the heightened pleading requirements of Rule 9 pertaining to allegations of fraud, and have otherwise failed to state a claim for which relief can be granted. This Court should therefore not only dismiss the Plaintiffs' complaint pursuant to Rule 12(b)(6), but it should do so with

prejudice given the Plaintiffs' failure to file their claims within the applicable limitations periods.

The Plaintiffs have also entirely neglected to plead facts sufficient to demonstrate that subject matter jurisdiction over this dispute is vested in this Court or that the Defendants can properly be subjected to the personal jurisdiction of this Court. The complaint does not allege that there is complete diversity between the Plaintiffs and Defendants, see 28 U.S.C. § 1332, nor does it allege that there is a federal question at issue, see 28 U.S.C. § 1331, so the basic requirements of subject matter jurisdiction have not been met in this case. The Plaintiffs have also failed to plead any facts that would suggest this Court has personal jurisdiction over the Defendants. The complaint, entirely lacking in any allegation that jurisdiction is properly vested in this Court, should consequently be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2).

## LEGAL STANDARD

The decisions of the United States Supreme Court in Bell Atlantic Corp. v. Twombly, et al., 550 U.S. 544 (2007) and Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009), guide this Court's review of the present motion to dismiss. Under these decisions, the holdings of which apply to all civil actions, Iqbal, 129 S.Ct. at 1953, the Plaintiffs' complaint "must contain sufficient factual matter... to state a claim to relief that is plausible on its face." Id. at 1949 (quotation omitted). The pleading standard of Federal Rule 8 does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. Where the facts in a

complaint do not permit a court to "infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – that the pleader is entitled to relief." Id. (citing Fed. R. Civ. P. 8(a)(2)).

In weighing the Plaintiffs' complaint under the Twombly and Iqbal standards, this Court is still to assume the truth of all well-pleaded facts, see Iqbal, 129 S.Ct. at 1949-50, but it is "not bound [ ] to credit 'bald assertions, unsupportable conclusions, and opprobrious epithets' woven into the fabric of the complaint." In re Colonial Mortgage Bankers Corp. v. Lopez-Stubbe, 324 F.3d 12, 15 (1st Cir. 2003); see also Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 224 (1st Cir. 2004) ("We accept the plaintiff's well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff... [but] we reject claims that are made in the complaint if they are 'bald assertions' or 'unsupportable conclusion.'") (citing Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 129 S.Ct. at 1950 (citing Twombly, 550 U.S. at 557).

## ARGUMENT

I.  **THE COMPLAINT FAILS TO DEMONSTRATE THAT THIS COURT IS VESTED WITH EITHER SUBJECT MATTER JURISDICTION OVER THIS MATTER OR PERSONAL JURISDICTION OVER THE DEFENDANTS**

As a preliminary yet critically important procedural matter, the Plaintiffs have failed to demonstrate or even *allege* in their complaint that this Court is vested with either subject matter jurisdiction over this matter or personal jurisdiction over the Defendants.

The Plaintiffs' complaint should, therefore, be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and (2).

Subject matter jurisdiction is vested in this Court where there is either a federal question to be decided, 28 U.S.C. § 1331, or where there is complete diversity of citizenship between the plaintiffs and defendants and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. See also Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006). It is incumbent upon the *Plaintiffs* to invoke the jurisdiction of this court, be it federal question or diversity, see Arbaugh, 546 U.S. at 513, and it remains the Plaintiffs' burden to prove that subject matter jurisdiction is properly vested in this Court. See Fothergill v. U.S., 566 F.3d 248, 251 (1st Cir. 2009) (explaining that plaintiff has the burden to prove subject matter jurisdiction exists to defeat a motion to dismiss under Rule 12(b)(1)). The Plaintiffs in this case have failed to invoke any form of this Court's potential jurisdiction in their complaint and so have utterly failed to carry their burden on this important procedural issue. There are no well-pleaded facts to construe in the Plaintiffs favor, nor any jurisdictional allegations to assume are true; the Court is here faced with a complete lack of *any* attempt by the Plaintiffs to invoke its subject matter jurisdiction and therefore should dismiss the complaint. Fed. R. Civ. P. 12(b)(1); Arbaugh, 546 U.S. at 513; Fothergill, 566 F.3d at 251; Hernandez-Santiago v. Ecolab, Inc., 397 F.3d 30, 33 (1st Cir. 2005).

The Plaintiffs have similarly failed to allege any facts to even *suggest* that personal jurisdiction can properly be exercised over the Defendants and have therefore failed to bear their "burden of persuading the court that jurisdiction exists." Negron-

Torres v. Verizon Communications, Inc., 478 F.3d 19, 23 (1st Cir. 2007).  As with subject matter jurisdiction, "it is plaintiff's burden to demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the Constitution."  Id. at 24 (quoting United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001)).  In this case, the Plaintiffs have pled nothing to suggest that the Defendants, both alleged to be New Hampshire residents, should be subject to the jurisdiction of a court sitting in Massachusetts.  There are simply no allegations that the Defendants' complained-of acts took place within this forum or that any of their alleged conduct could subject the Defendants to jurisdiction under the long-arm statute or Due Process Clause.  The complaint should therefore be dismissed under Federal Rule of Civil Procedure 12(b)(2) for want of personal jurisdiction.  See, e.g., Hannon v. Beard, 524 F.3d 275, 279-80 (2008) (holding that plaintiff "must show that the Massachusetts long-arm statute grants jurisdiction and, if it does, that the exercise of jurisdiction under the statute is consistent with the Constitution.").

## II. PLAINTIFFS HAVE FAILED TO PLEAD SUFFICIENT FACTS TO SATISFY THE REQUIREMENTS OF FED. R. CIV. P. 8(a)

The Plaintiffs' complaint is so vague, conclusory, and devoid of substantive factual allegations that it fails to satisfy the pleading standards of Federal Rule of Civil Procedure 8(a).  Under this Rule, a pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a) (emphasis added).  In a pair of recent decisions, the United States Supreme Court has made it clear that the days of simple notice pleading, see Conley v. Gibson, 355 U.S. 41 (1957), are

over and that plaintiffs must provide more than the "unadorned, the-defendant-unlawfully-harmed-me accusation" found in the Plaintiffs' complaint. See Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555).

Under Rule 8(a), as interpreted by Twombly and Iqbal, a complaint is insufficient if it merely offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Iqbal, 129 S.Ct. at 1949. Complaints making "naked assertions devoid of further factual enhancement" also will no longer pass muster. Id. The Supreme Court now requires that to survive a motion to dismiss, "a complaint must contain sufficient factual matter... to state a claim to relief that is plausible on its face." Id. (citing Twombly, 550 U.S. at 570). In this case, the Plaintiffs have pled only "naked assertions" and "formulaic recitations" of the elements of their causes of action like those expressly rejected by Twombly and Iqbal.[1]

The Plaintiffs have alleged that "on numerous occasions," one of the Defendants "refused, neglected, and/or delayed in the issuance of... stock," but have not alleged when such acts took place, why the Plaintiffs would be entitled to an issuance of this stock, whether demand was made upon the Defendants for this stock, whether the Defendant was obligated to "issue" stock to the Plaintiffs, or even what class of stock the Plaintiffs allegedly held and whether that stock was transferable. (Pls' Complaint para. 9). In an obvious example of the "unadorned, the-defendant-unlawfully-harmed-me accusation" expressly prohibited by Twombly and Iqbal, the Plaintiffs follow that allegation with the

---

[1] The complaint in this case is rife with examples of conclusory statements and rote presentations of the elements of causes of action; Defendants will herein discuss only a few such illustrative examples, but note that the entire complaint is deficient.

7

equally conclusory statement that some undefined "actions" of the Defendant corporation have caused the Plaintiffs to suffer "financial harm."  Pls' Complaint para. 10.

In their causes of action for fraud, the Plaintiffs have pled almost nothing to support their claims that would satisfy the mandates of Rule 8(a) or Iqbal.  The Plaintiffs state only that the Defendants have "made numerous fraudulent representations" which caused damage, but the Plaintiffs have utterly failed to provide any "factual enhancement" concerning these alleged representations.  No mention of the substance of the representations is made, nor are there any allegations as to the date of these representations, the location in which they were made, or any other circumstances concerning the alleged fraud.  (Pls' Complaint paras. 13-15, 17-18, 25-28, 31-32, 38-43, and 44-46).  The counts alleging conversion are similarly devoid of factual allegations and state only that the Defendants "delayed in the issuance of stock" without indicating how this constituted conversion, when this alleged delay occurred, or any other details concerning the alleged acts or omissions of the Defendants.  Pls' Complaint paras. 48-49, 51-52.  Count Ten, purporting to allege conversion against Defendant Reeves, fails to even state a claim for conversion and instead appears to be copied and pasted from Count Two (Fraud).  In any event, Count Ten, too, fails to provide any factual allegations to survive the Defendants' motion to dismiss.  See Iqbal, 129 S.Ct. at 1949-50.

The remainder of the Plaintiffs' complaint is similarly lacking in any facts that might state a claim upon which relief could be granted.  Where the Plaintiffs have even provided the correct elements of a claim (contra Pls' Complaint at para. 50-52 (stating wrong elements of captioned claim)), they have provided only a "formulaic recitation of

the elements" and "conclusions" insufficient to satisfy the requirements of Federal Rule of Procedure 8(a).  See Iqbal, 129 S.Ct. at 1949-50; Twombly, 550 U.S. at 555-570.  There are no "well-pleaded facts" to construe in the Plaintiffs' favor, see Karvelas, 360 F.3d at 224, only "bald assertions, unsupportable conclusions, and opprobrious epithets" which this Court need not credit.  In re Colonial Mortgage Bankers Corp., 324 F.3d at 15.  Having failed to provide even the barest sufficient factual matter to state a plausible claim for relief, the Plaintiffs' complaint cannot survive the Defendants' Rule 12(b)(6) motion to dismiss.  The Plaintiffs have failed to "show" that they are entitled to relief and so their complaint should be dismissed in its entirety.  See Fed. R. Civ. P. 8(a); Iqbal, 129 S.Ct. at 1949-50.  Given that the Plaintiffs have "offered only vague and undeveloped allegations" that fail to allege any plausible claims, the Defendants request that this dismissal be made with prejudice.  Guevara-Lopez v. Pereira, 2009 WL 1491748 at *4 (D.P.R. May 26, 2009).

**III.   THE ALLEGATIONS OF FRAUD IN THE PLAINTIFFS' COMPLAINT ARE NOT MADE WITH THE PARTICULARITY REQUIRED BY FED. R. CIV. P. 9(b)**

The allegations of fraud found in counts one, two, four, five, seven, eight, and apparently ten (which, as noted *supra*, is miscaptioned as a "conversion" claim, but appears to have been copied and pasted from count two) are not made with the particularity required by Federal Rule of Civil Procedure 9(b) and so should be dismissed.  Claims of fraud are subject to the heightened pleading requirements of Rule 9(b), which mandates that a party alleging fraud "state with particularity the

9

circumstances constituting fraud or mistake," Fed. R. Civ. P. 9(b); see also Karvelas, 360 F.3d at 226, but the Plaintiffs' complaint falls well short of this mark.

The particularity requirement of Rule 9(b) means that in order to survive a motion to dismiss, a complaint must specify "the time, place, and content of the alleged false or fraudulent representations." U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 45 (1st Cir. 2009); North Amer. Catholic Educational Programming Foundation, Inc. v. Cardinale, 567 F.3d 8, 13 (1st Cir. 2009); Karvelas, 360 F.3d at 226. In addition to specifying the false statements and by whom they were made, a plaintiff alleging fraud must also identify the basis for inferring scienter. North Amer. Catholic Educational Programming Foundation, Inc., 567 F.3d at 13. As the Court of Appeals for the First Circuit has noted:

> the courts have uniformly held inadequate a complaint's general averment of the defendant's 'knowledge' of material falsity, unless the complaint *also* sets forth specific facts that make it reasonable to believe that the defendant knew that the statement was materially false or misleading.

Id. (quoting Greenstone v. Cambex Corp., 975 F.2d 22, 25 (1st Cir. 1992)). These requirements concerning fraud are in place in order to:

> give notice to defendants of the plaintiffs' claim, to protect defendants whose reputation may be harmed by meritless claims of fraud, to discourage 'strike suits,' and to prevent the filing of suits that simply hope to uncover relevant information during discovery.

Karvelas, 360 F.3d at 226 (quoting Doyle v. Hasbro, Inc., 103 F.3d 186, 194 (1st Cir. 1996)).

With respect to the claims of fraud made in the complaint filed in this case, the Plaintiffs have entirely failed to satisfy the requirements of Rule 9(b). The Plaintiffs have

again set forth plenty of "bald assertions, unsupportable conclusions, and opprobrious epithets," In re Colonial Mortgage Bankers Corp., 324 F.3d at 15, but have in their six (or seven) counts of fraud provided not a single factual allegation concerning the "the time, place, [or] content of the alleged false or fraudulent representations." Gagne, 565 F.3d at 45. The Plaintiffs have also completely failed to plead "specific facts that make it reasonable to believe that the defendant knew that the statement was materially false or misleading." North Amer. Catholic Educational Programming Foundation, Inc., 567 F.3d at 13.

In all of their counts for fraud, the Plaintiffs have pled only the same or similar "formulaic recitation of the elements." Plaintiffs allege that the Defendants "made numerous fraudulent representations" regarding the "nature and value" of the Plaintiffs' claimed investments, that the Defendants "knew" these statements "were false," and that the statements were made "with the intention that the plaintiffs rely thereon." (See, e.g., Pls' Complaint paras. 13-15). Nowhere in these allegations of fraud do the Plaintiffs detail *when* these allegedly false statements were made, *where* they were uttered, or *what* was actually said to the Plaintiffs. The complaint also generally avers that the Defendants "knew" of the falsity of their statements, but it entirely fails to set forth any "specific facts that make it reasonable to believe that the defendant knew that the statement was materially false or misleading." North Amer. Catholic Educational Programming Foundation, Inc., 567 F.3d at 13. The complaint fails even to allege that the purportedly false statements were material, so the counts of fraud are not even properly or completely pled. See North Amer. Catholic Educational Programming

Foundation, Inc., 567 F.3d at 13 (noting that materiality is a required element of a fraud claim).

The Plaintiffs' failure to allege any of the required facts concerning the "circumstances" of the claimed fraud, namely the "the time, place, and content of the alleged false or fraudulent representations," Gagne, 565 F.3d at 45, renders their complaint fatally deficient. Given that the Plaintiffs have not satisfied the heightened pleading requirements of Rule 9(b), their claims of fraud should be dismissed. See Gagne, 565 F.3d at 45; North Amer. Catholic Educational Programming Foundation, Inc., 567 F.3d at 13; Karvelas, 360 F.3d at 226.

## IV. ON THEIR FACE, COUNTS THREE AND SIX OF THE COMPLAINT DEMONSTRATE THAT PLAINTIFFS' CLAIMS ARE BARRED BY THE APPLICABLE STATUTES OF LIMITATION

On its face, the Plaintiffs' complaint demonstrates that the applicable statutes of limitation bar the claims made in counts three and six of this civil action. As a result, this Court should not only dismiss these claims based upon the numerous shortcomings and problems detailed *supra* and the Plaintiffs' failure to abide by the statutes of limitation, the but it should do so with prejudice given that the claims have not been filed within the appropriate limitations period and can no longer be pursued.

"In an appropriate case, an affirmative defense may be adjudicated on a motion to dismiss for failure to state a claim." In re Colonial Mortgage Bankers Corp., 324 F.3d at 16. Such a dismissal can occur where the "facts that establish the defense [are] definitively ascertainable from the allegations of the complaint," and where the "facts so gleaned [ ] conclusively establish the affirmative defense." Id.; see also Goodman v.

12

Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) ("[W]here facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies, however, if all facts necessary to the affirmative defense clearly appear on the face of the complaint.") (quotation omitted). "[A] complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed for failure to state a cause of action." La Porte Constr. Co., Inc. v. Bayshore Nat'l Bank of La Porte, Texas, 805 F.2d 1254, 1255 (5th Cir. 1986) (quotation omitted).

To the extent that the Plaintiffs have pled any facts concerning transaction dates, this information demonstrates conclusively that one or more statutes of limitation bar their claims. Plaintiffs have alleged that the Defendants breached several contracts with the Plaintiffs and that these claimed breaches occurred on December 31, 1995, Pls' Complaint at para. 20, and December 31, 1994. Pls' Complaint at para. 34. As alleged by the Plaintiffs and as appears on the face of the complaint, these claimed breaches of contract took place nearly fifteen years ago, but Massachusetts law imposes a six year statute of limitation upon such claims. M.G.L. c. 260, § 2 (establishing that actions of contract shall "be commenced only within six years next after the cause of action accrues."). The very facts pled by the Plaintiffs "conclusively establish the affirmative defense" provided the Defendants by the statute of limitations found at M.G.L. c. 260, § 2, so this Court should dismiss counts three and six of the complaint. See In re Colonial Mortgage Bankers Corp., 324 F.3d at 16.

## V. COUNTS ELEVEN AND THIRTEEN OF THE COMPLAINT AND THE PLAINTIFFS' PRAYERS FOR RELIEF FAIL TO PRESENT COGNIZABLE CAUSES OF ACTION UPON WHICH RELIEF COULD BE GRANTED

Counts eleven and thirteen of the Plaintiffs' complaint and the Plaintiffs' prayers for relief fail to present cognizable causes of action upon which relief can be granted. These elements of the Plaintiffs' complaint should therefore be dismissed as well. See Fed. R. Civ. P. 12(b)(6).

In their prayers for relief, the Plaintiffs appear to be requesting that this Court provide various forms of injunctive relief, but as with the rest of their complaint, the Plaintiffs have failed to properly plead or support these requests. A plaintiff seeking a preliminary injunction must show "(1) he has a substantial likelihood of success on the merits; (2) he faces a significant potential for irreparable harm in the absence of immediate relief; (3) the issuance of the injunction will not harm the defendant more than the absence of the injunction will harm the plaintiff; and (4) the granting of injunctive relief will not denigrate the public interest." Wholey v. Tyrell, 567 F.Supp.2d 279, 288 (D.Mass. 2008). In the present case, the Plaintiffs have requested that they be granted an injunction, but have failed to even *allege* the elements required to obtain such relief. Plaintiffs have not alleged anything to suggest they would likely prevail on the merits, that they face the potential for irreparable harm absent immediate relief, that the Defendants would not be harmed by the injunction, or that the injunctive relief would be not be against public interest. Absent proof of these elements, the Plaintiffs cannot succeed on a motion for injunctive relief; absent any allegation of these elements, the

Plaintiffs isolated request for an injunction should be dismissed as failing to state any claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).

The Plaintiffs also appear to request that a receiver be appointed to "take over the operation and management" of the Defendant corporation, but they have failed to identify any legal or factual basis for this request.  Having failed to plead any statutory or common law basis for this drastic and unwarranted relief, the Plaintiffs have wholly failed to plead a cause of action upon which relief can be granted; they have, in fact, pled *no* cause of action.  Their request for the appointment of a receiver should therefore be dismissed.  See Fed. R. Civ. P. 12(b)(6).

Count eleven of the complaint is not only as factually deficient as the rest of the complaint, but it also fails to even state a valid cause of action.  The Plaintiffs in this count allege that they are entitled to "pierce the corporate veil" and recover from Defendant Reeves individually, but such an allegation does not represent a cognizable cause of action or provide the Plaintiffs with any form of relief.  It may be necessary for the Plaintiffs to demonstrate that they are entitled to "pierce the corporate veil" in order to recover from Mr. Reeves in connection with one of the other counts that they have leveled against the Defendants, see, e.g., John T. Callahan & Sons, Inc. v. Dykeman Elec. Co., Inc., 266 F.Supp.2d 208, 231 (D.Mass. 2003), but standing alone, count eleven does not present this Court with any claim upon which relief can be granted.  Count eleven of the complaint should consequently be dismissed under Federal Rule 12(b)(6).

Count thirteen similarly fails to state any cognizable claim for relief.  In addition to being woefully unsupported by factual allegations (it only alleges that the Plaintiffs

"are entitled to an accounting" without provide *any* factual support for this claim), this count also fails to identify any statutory or common law basis that would give the Plaintiffs the right to claim the relief they seek.  Not only have the Plaintiffs failed to plead sufficient facts to support their claim in count thirteen, but they have also failed to even set forth the elements of any recognized cause of action.  This count, too, should therefore be dismissed.  See Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For all of the foregoing reasons, this Court should dismiss the Plaintiffs' complaint, with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(1), (2) and/or (6).

Respectfully submitted,

**R. BRUCE REEVES and
ELEMENT 21 GOLF COMPANY**

by their attorneys,

**WIGGIN & NOURIE, P.A.**

Date:  September 30, 2009         /s/ Richard B. McNamara
By: Richard B McNamara, Esquire
BBO #339420
WIGGIN & NOURIE, PA
670 North Commercial Street, Suite 305
P.O. Box 808
Manchester, NH 03105-0808
Telephone:  (603) 669-2211
Facsimile:   (603) 623-8442
rmcnamara@wiggin-nourie.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum of Law has been forwarded to all counsel of record on this date, pursuant to the Court's rules and procedures concerning electronic filing.

/s/ Richard B. McNamara

01079917.DOC